KARTHIK K. MURTHY – State Bar No. 343,960
K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 Washington blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*

Steve M. Johnson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE M. JOHNSON<br><br>Plaintiff,<br><br>v.<br><br>LUNKERHUNT LP, AN ONTARIO, CANADA LIMITED PARTNERSHIP; BGDM GROUP; EBAY INC., A DELAWARE CORPORATION; and GOOGLE LLC, A DELAWARE CORPORATION<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

# **TABLE OF CONTENTS**

Page

COMPLAINT FOR PATENT INFRINGEMENT ............................................................................ 3

PARTIES ........................................................................................................................................... 3

JURISDICTION ................................................................................................................................ 4

VENUE .............................................................................................................................................. 6

DEFENDANTS' INFRINGING USE ............................................................................................... 8

FIRST CLAIM FOR RELIEF ........................................................................................................... 9

(Infringement of the '785 Patent) ...................................................................................................... 9

PRAYER FOR RELIEF .................................................................................................................. 11

DEMAND FOR JURY TRIAL ....................................................................................................... 12

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Steve M. Johnson ("Plaintiff" Or "Johnson"), For Its Complaint Against Defendant Lunkerhunt LP ("Lunkerhunt"), Defendant BGDM group ("BGDM"), Defendant Ebay inc. ("Ebay") and Defendant Google LLC ("Google") (collectively "Defendants"), hereby demands a jury trial and alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement of United States Patent No. 6,931,785 ("the '785 Patent") (the "Patent-in-suit"), arising under the patent laws of the United States of America, Title 35 of the United States Code, and seeking damages and other relief under 35 U.S.C. § 271, *et seq.*

## PARTIES

2. Plaintiff is a Tennessee based individual.

3. Upon information and belief, Defendant Lunkerhunt is a limited partnership organized and existing under the laws of the Ontario, Canada, with its principal place of business at 42 Laird Drive, Toronto, Ontario, Canada M4G 3T2.  A screenshot from a search of Canada's business registries at the website https://beta.canadasbusinessregistries.ca/search/results?search=%7Blunkerhunt%7D&status=Active is attached as Exhibit 1.  A screenshot showing Lunkerhunt's address at the website https://lunkerhunt.com/pages/contact-us#:~:text=SEND%20US%20AN%20EMAIL,fill%20out%20the%20form%20below is attached as Exhibit 2.

4. Upon information and belief, Defendant BGDM is organized under unknown laws, with its principal place of business at 42 Laird Drive, Toronto, Ontario, Canada M4G 3T2.  A screenshot of this address from the website https://www.bgdmgroup.com/contactus.html is attached as Exhibit 3.

5. Defendant Ebay is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125.

6. Defendant Google is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

7. On information and belief, there may be other corporate affiliates of Defendants who participated in the infringing acts complained of herein. The identities of such affiliates are currently unknown, because publicly available information does not permit the identification of each affiliate who participated in the infringing acts. Plaintiff expects the identities of such affiliates to be revealed in discovery. Plaintiff reserves the right to amend this Complaint to name such affiliates, if necessary, once they have been revealed.

## JURISDICTION

8. This is an action for infringement of claims of the '785 Patent, entitled "Simulated Turtle Fishing Lure Apparatus", which was duly issued by the United States Patent and Trademark Office on August 23, 2005. A true and accurate copy of the '785 patent is attached as Exhibit 4 to this Complaint.

9. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§1331 and 1338(a), because the claims arise under the patent laws of the United States, 35 U.S.C. §§1, *et seq*.

10. This court has personal jurisdiction over Lunkerhunt because under Federal rule of civil procedure 4(k)(2), foreign defendants are subject to personal jurisdiction in any state in which the foreign defendant has had sufficient minimum contacts. Lunkerhunt has sufficient minimum contacts because of its sales on its website Lunkerhunt.com and Lunkerhunt's Amazon store at https://www.amazon.com/stores/page/229FB367-4549-42A4-BD22-3F643CBD453C within California, including within this judicial district.

11. This Court also has specific personal jurisdiction over Lunkkerhunt because, on information and belief, Lunkerhunt has directly infringed claim 1 of the '785 Patent by selling products on Lunkerhunt.com and Lunkerhunt's Amazon store at https://www.amazon.com/stores/page/229FB367-4549-42A4-BD22-3F643CBD453C within California, including within this judicial district. For the reasons set forth below, such sales directly

infringe the claim of the '785 Patent. Thus, Lunkerhunt is subject to specific personal jurisdiction in this district, because it has committed acts of infringement in California, and because Plaintiff's claim arise out of such infringement.

12. This court has personal jurisdiction over BGDM because under Federal rule of civil procedure 4(k)(2), foreign defendants are subject to personal jurisdiction in any state in which the foreign defendant has had sufficient minimum contacts. BGDM has sufficient minimum contacts because BGDM owns Lunkerhunt. The website https://www.bgdmgroup.com/ indicates that BGDM owns Lunkerhunt. A screenshot of the website is attached as Exhibit 5. Therefore, the same reasons listed above for Lunkerhunt apply to BGDM.

13. This court has personal jurisdiction over Ebay because Ebay resides in California. Ebay resides in California because: (i) its principal place of business is in California, at 2145 Hamilton Avenue, San Jose, California 95125.

14. This Court also has specific personal jurisdiction over Ebay because, on information and belief, Ebay has directly infringed claim 1 (the "Asserted Claim") of the '785 Patent by selling products within California, including within this judicial district. On information and belief, Ebay has sold products to individuals and businesses within California, and within this judicial district. For the reasons set forth below, such use directly infringes the Asserted Claim. Thus, Ebay is subject to specific personal jurisdiction in this district, because it has committed acts of infringement in California, and because Plaintiff's claims arise out of such infringement.

15. This court has personal jurisdiction over Google because Google resides in California. Google resides in California because: (i) its principal place of business is in California, at 1600 Amphitheatre Parkway, Mountain View, California 94043.

16. This Court also has specific personal jurisdiction over Google because, on information and belief, Google has directly infringed claim 1 of the '785 Patent by selling products within California, including within this judicial district. On information and belief, Google has sold products to individuals and businesses within California, and within this judicial district. For the reasons set forth below, such use directly infringes the Asserted Claim. Thus, Google is subject to specific

personal jurisdiction in this district, because it has committed acts of infringement in California, and because Plaintiff's claims arise out of such infringement.

**VENUE**

17. Venue is proper over the Defendant in this judicial district under 28 U.S.C. §§1391 and/or 1400(b), for at least the following reasons:

18. Venue is proper over Lunkerhunt because: on information and belief, Lunkerhunt has committed direct infringement in this district, including by selling Accused Instrumentalities in connection with its provision of services to customers in this district, and/or by selling Accused Instrumentalities directly within this district.

19. Venue is proper over BGDM Group for the same reasons listed above for Lunkerhunt.

20. Venue is proper over Ebay because Ebay resides in this district, because Ebay's principal place of business is located in this district, at 2145 Hamilton Avenue, San Jose, California 95125. See 28 U.S.C. § 1400(b).

21. Venue is also proper over Ebay because: (i) Ebay has regular and established places of business in this district, including its principal place of business at at 2145 Hamilton Avenue, San Jose, California 95125.; and (ii) on information and belief, Ebay has committed direct infringement in this district, including by using Accused Instrumentalities in connection with its provision of services to customers in this district, and/or by using Accused Instrumentalities directly within this district.

22. Venue is proper over Google because Google resides in this district, because Google's principal place of business is located in this district, at 1600 Amphitheatre Parkway, Mountain View, California. See 28 U.S.C. § 1400(b).

23. Venue is also proper over Google because: (i) Google has regular and established places of business in this district, including its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California; and (ii) on information and belief, Google has committed direct infringement in this district, including by using Accused Instrumentalities in connection with its provision of services to customers in this district, and/or by using Accused Instrumentalities directly within this district.

24. Thus, venue is proper over Defendants under 28 U.S.C. § 1400(b).

## INTRADISTRICT ASSIGNMENT

25. This case is a patent infringement dispute that is appropriate for district-wide assignment. Assignment to the San Jose Division is appropriate because a substantial part of the events that gave rise to the claims asserted in this Complaint occurred in Santa Clara County.

## THE '785 PATENT

26. Plaintiff incorporates the above paragraphs herein by reference.

27. Steve M. Johnson is the sole named inventor of the '785 Patent.

28. On March 25, 2004, Steve M. Johnson filed with the United States Patent and Trademark Office ("USPTO") Non-Provisional Patent Application no. 10/809,007 (the '007 application) directed to his inventions. On August 23, 2005, the USPTO issued the '785 Patent from the '007 application.

29. The '785 Patent is valid and enforceable. The '785 Patent claims patent-eligible matter.

30. The Asserted Claim of the '785 Patent is an independent apparatus claim. Claim 1 is reproduced below:

> A fishing lure apparatus, comprising:
> a simulated turtle body which includes a simulated turtle bottom portion and a simulated turtle shell portion supported by said simulated turtle bottom portion,
> simulated turtle legs connected to said simulated turtle body,
> a simulated turtle tail connected to said simulated turtle body,
> a simulated turtle head connected to said simulated turtle body, and
> one or more fish hooks connected to at least one of said simulated turtle body, said simulated turtle legs, and said simulated turtle tail,
> wherein said simulated turtle tail includes:
> a tail hook of said one or more fish hooks, and

a simulated turtle tail covering attached to said tail hook.

31. Lunkerhunt and BGDM had actual knowledge of the '785 patent at least as of November 14, 2023 when an email regarding this patent was sent to info@lunkerhunt.com and info@bgdmgroup.com.

32. A copy of this November 14, 2023 emails is attached as Exhibit 6 to this Complaint.

33. On November 16, 2023, Amazon was informed of the infringement of the '785 Patent by Lunkerhunt through Amazon's reporting tool at https://www.amazon.com/report/infringement. These reports are attached to this Complaint as Exhibit 7. However, the reports did not result in Amazon removing any Accused Products.

34. Ebay had actual knowledge of the '785 patent at least as of November 25, 2023 when an email regarding this patent was sent to monscott@ebay.com.

35. A copy of this November 25, 2023 emails is attached as Exhibit 8 to this Complaint.

36. Google had actual knowledge of the '785 patent at least as of November 14, 2023 when an email regarding this patent was sent to olaolu@google.com.

37. A copy of this November 14, 2023 emails is attached as Exhibit 9 to this Complaint.

## DEFENDANTS' INFRINGING USE

38. On information and belief, Lunkerhunt, BGDM Group, Ebay, Google and/or their affiliates, have directly infringed each Asserted Claim of the '785 patent, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of , and other products depicted on Defendants' websites and sold on third party websites ("the Accused Products") within the United States, all without authorization or license from Plaintiff within the United States, less than six years before the filing of this Complaint, and prior to the March 25, 2024 expiration date of the '785 patent (the "Relevant Time Period").

39. One example of Lunkerhunt's sale of infringing products is the "prop turtle" on https://lunkerhunt.com/products/prop-turtle. Screenshots of this website are attached to this

Complaint as Exhibits 10 and 11 to this Complaint. A claim chart explaining infringement of the '785 Patent is attached as Exhibit 12.

40. Another example of Lunkerhunt's sale of infringing products is the on its Amazon store at https://www.amazon.com/stores/page/229FB367-4549-42A4-BD22-3F643CBD453C. A screenshot of this website providing exemplary evidence of infringement of the '785 Patent is attached to this Complaint as Exhibit 13. The infringing product is the "Lunkerhunt prop series combo" and the site indicates it is a best seller.

41. There are potentially other infringing products being sold by Lunkerhunt, which may be uncovered in discovery. Plaintiff reserves the right to amend this Complaint to name such infringing products, if necessary, once they have been revealed.

42. BGDM's infringing use is the same as Lunkerhunt's infringing use, explained above.

43. A list of websites showing examples of Ebay's sale of infringing products is attached as Exhibit 14. A screenshot of each website providing exemplary evidence of infringement of the '785 Patent is attached to this Complaint as Exhibits 15-17.

44. There are potentially other infringing products being sold by Ebay, which may be uncovered in discovery. Plaintiff reserves the right to amend this Complaint to name such infringing products, if necessary, once they have been revealed.

45. The website showing multiple examples of Google's sale of infringing products is attached as Exhibit 18. A screenshot of different parts of the website providing exemplary evidence of infringement of the '785 Patent is attached to this Complaint as Exhibits 19-22.

46. There are potentially other infringing products being sold by Defendants, which may be uncovered in discovery. Plaintiff reserves the right to amend this Complaint to name such infringing products, if necessary, once they have been revealed.

**FIRST CLAIM FOR RELIEF**

**(Infringement of the '785 Patent)**

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-46 above as if fully set forth herein and further alleges:

48. Defendants have committed direct infringement of each Asserted Claim of the '785 patent, in violation of 35 U.S.C. § 271(a), by performing all the steps of each Asserted Claim in the U.S., during the Relevant Time Period.

49. Defendant has infringed and continue to infringe one or more of the claims of the '785 Patent by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of the Accused Products, all without authorization or license from Plaintiff.

50. On information and belief, Plaintiff alleges Defendant has been, and is currently, infringing the '785 patent in violation of 35 U.S.C. § 271.  Defendant's acts of infringement include direct infringement and infringement under the Doctrine of Equivalents.

51. Defendant has continued their infringement despite having notice of the '785 Patent. Defendant has committed and is committing willful and deliberate patent infringement. On information and belief Plaintiff alleges Defendant's acts of willful and deliberate infringement will continue after service of this Complaint, rendering this case appropriate for treble damages under 35 U.S.C. §284 and making this an exceptional case under 35 U.S.C. §285.

52. Defendant has indirectly infringed and continues to infringe at least claim 1 of the '785 patent by inducement under 35 U.S.C. 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 1 of the '785 patent.

53. Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., www.Alphabet.com) and/or providing customers with instructions and/or manuals for using the Accused Products. Likewise, Defendant knowingly induced retailers to market and sell the Accused Products.

54. On information and belief, Defendant has contributed to the infringement of at least claim 1 of the '785 patent by the use and/or importation of the Accused Products in violation of 35 U.S.C. § 271(c).

55. Plaintiff is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of their infringement of the '785 Patent.

56. Defendant's acts of infringement are and have been without Plaintiff's permission, consent, authorization or license. Defendant's acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

57. As a direct and proximate result of Defendant's infringement of the '785 Patent, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff's monetary damages include, without limitation, lost profits, or at a minimum, the right to recover a reasonable royalty. Furthermore, unless Defendant is enjoined by this Court from continuing its infringement of the '785 Patent, Plaintiff has, and will suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against each Defendant as follows:

A. That each Defendant has infringed and is infringing the '785 Patent;

B. That such infringement is willful;

C. That defendant be ordered to pay Plaintiff damages caused by said Defendant's infringement of the '785 Patent and that such damages be trebled in accord with 35 U.S.C. § 284, together with interest thereon;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff be awarded reasonable attorney's fees and costs; and

E. That Plaintiff shall have such other and further relief as this Honorable Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, Safety Direct LLC, hereby demands a jury trial on *all* of his claims, causes of action and issues that are triable by jury.

Dated: December 18, 2023

**MURTHY PATENT LAW INC.**

By: /s/ Karthik K. Murthy
Karthik K. Murthy
K@MurthyPatentLaw.com
3984 Washington Blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*
Steve M. Johnson